```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALONZO V. HILL,                :  CIVIL NO: 3:10-CV-00459
          Plaintiff            :
                               :  (Judge Caputo)
     v.                        :
                               :  (Magistrate Judge Smyser)
                               :
J.D. FISHER, et al.,           :
                               :
          Defendants           :
```

**REPORT AND RECOMMENDATION**

Because the plaintiff has failed to exhaust available administrative remedies, we recommend that the defendants' motion for summary judgment be granted.

I. Background and Procedural History.

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on March 2, 2010. He subsequently filed a number of amended complaints. The operative complaint is the third amended complaint (doc. 72) filed on July 1, 2011.

The defendants named in the third amended complaint are: 1) R. Hannah; 2) Jeffrey Beard; 3) Robert MacIntyre; 4) John Andrade; 5) Zach Maslak; 6) Richard Moyer; 7) Lisa Hollibaugh; 8) C. Clinger; 9) Paul Smeal; and 10) J.D. Fisher. The plaintiff claims that the defendants denied him due process by removing money from his prison account prior to a hearing.

The defendants filed an answer to the third amended complaint. They have also filed a motion for summary judgment.

II. Summary Judgment Standard.

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

III.  Discussion.

The defendants contend that the plaintiff has failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a).

> 42 U.S.C. § 1997e(a), provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In accordance with Section 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001).  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000).  "[C]ompliance with the administrative

3

remedy scheme will be satisfactory if it is substantial." *Id.* at 77. Failure to exhaust available administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

42 U.S.C. § 1997e(a) requires proper exhaustion. *Woodford v. Ngo,* 548 U.S. 81 (2006). In other words, § 1997e(a) requires more than simple exhaustion - i.e. more than that there is no further process available to the inmate within the grievance system. *Spruill v. Gillis*, 372 F.3d 218, 227-31 (3d Cir. 2004). Section 1997e(a) requires that an inmate follow the procedural requirements set forth in the administrative remedy process that is available to him. *Id. at 231.* The prison grievance procedures supply the yardstick for measuring whether exhaustion was proper. *Id. See also Jones, supra,* 549 U.S. at 218("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the

4

boundaries of proper exhaustion."). "'[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" *Williams v. Beard,* 482 F.3d 637, 640 (3d Cir. 2007)(quoting *Jones, supra,* 549 U.S. at 219).

The Pennsylvania Department of Corrections has implemented an official Inmate Grievance System. The grievance system is governed by Administrative Directive 804 (DC-ADM 804). DC-ADM 804 sets forth a three-tier administrative remedy system. Pursuant to DC-ADM 804, an inmate is required to present his grievance to the Facility Grievance Coordinator for initial review within fifteen days after the events upon which the grievance is based. The inmate is required to appeal an adverse determination by the Facility Grievance Coordinator to the Facility Manager. From there the inmate must appeal to the Secretary's Office of Inmate Grievances and Appeals.

The defendants have presented evidence that the plaintiff filed a grievance about the money being taken from his account, that he filed an appeal to the Superintendent of that denial of that grievance, but that he failed to appeal the

5

Superintendent's denial of his appeal to the Secretary's Office of Inmate Grievances and Appeals. Although the plaintiff asserts in his brief that he exhausted administrative remedies, he has not presented any evidence that he filed an appeal to the Secretary's Office of Inmate Grievances and Appeals. Accordingly, it is undisputed for purposes of the summary judgment motion that the plaintiff did not appeal to the Secretary's Office of Inmate Grievances and Appeals. Because the plaintiff did not appeal to the Secretary's Office of Inmate Grievances and Appeals, he did not properly exhaust administrative remedies. Thus, the defendants are entitled to summary judgment.

IV. Recommendations.

    Based on the foregoing, it is recommended that the defendants' motion (doc. 76) for summary judgment be granted.

                                             **/s/ J. Andrew Smyser**
                                             J. Andrew Smyser
                                             Magistrate Judge

Dated: February 29, 2012.