**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ALONZO HILL,

    Plaintiff,

    v.

J.D. FISHER, et al.,

    Defendants.

CIVIL ACTION NO. 3:10-0459

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## **MEMORANDUM**

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") to Defendants' Motion for Summary Judgment. (Doc. 87.) Magistrate Judge Smyser recommends granting Defendants' Motion for Summary Judgment (Doc. 76) because Plaintiff failed to exhaust his administrative remedies before commencing this 42 U.S.C. § 1983 action.  Plaintiff filed timely objections to the R & R. Because Plaintiff did not exhaust his administrative remedies when he failed to appeal the denial of his inmate grievance to the Secretary's Office of Inmate Grievances and Appeals, the R & R will be adopted in its entirety and Defendants' motion will be granted.

### **I. Background**

Plaintiff, a *pro-se* prisoner incarcerated by the Pennsylvania Department of Corrections at SCI-Smithfield, brings this action against ten Defendants pursuant to 42 U.S.C. § 1983 alleging that Defendants removed funds from his prison account without a hearing in violation of his procedural due process rights guaranteed by the Fourteenth Amendment. (*Defs.' Statement of Material Facts* "*SMF*", ¶¶ 1, 7.) On April 13, 2009, Plaintiff was found guilty of misconduct at the prison for assaulting another inmate. (*Id*. at ¶ 4.) Although Plaintiff pled not guilty, he admitted to all charges. (*Id*.)  The Hearing Examiner subsequently concluded that Plaintiff's account should be assessed for all medical costs associated with this assault, and fifty percent (50%) of the funds in Plaintiff's account were placed on hold. (*Id*. at ¶¶ 5-6.)

On November 11, 2009, Plaintiff filed Grievance No. 296511 in response to

Defendants placing a hold on the funds in his account. (*Id*. at ¶ 16.) Plaintiff's grievance was denied on November 20, 2009. (*Id*. at ¶ 18.) Plaintiff then appealed the denial of his grievance to the SCI-Smithfield Superintendent, but the grievance was again denied. (*Id*. at ¶¶ 19-20.) After the appeal was denied by the SCI-Smithfield Superintendent, Plaintiff did not file an appeal with the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (*Id*. at ¶ 21.) Instead, Plaintiff commenced the present action. (Doc. 1.)

On July 1, 2012, Plaintiff filed a Third Amended Complaint against all Defendants. (Doc. 72.) Defendants filed an Answer to the Third Amended Complaint on July 13, 2011. (Doc. 73.) And, on October 3, 2011, Defendants filed a motion for summary judgment. (Doc. 76.) On March 3, 2012, Magistrate Judge Smyser recommended granting Defendants' motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (Doc. 87.) Plaintiff filed timely objections to the R & R. (Doc. 92.)

## II. Legal Standards

### A.     Standard for Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984) (emphasis added). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D.Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M. D. Pa.1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985);

Goney, 749 F.2d at 7.  At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa.1998).

**B.    Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) (2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c)(2).  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248.  An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727 (2d ed.1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence

3

supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed.R.Civ.P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Discussion

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e(a) (emphasis added). Under § 1997e(a), "[e]xhaustion is mandatory, and prisoners must exhaust all 'available' remedies, even when the specific relief sought cannot be granted as a result of the administrative process." *Cobb v. Weyandt*, 359 F. App'x 285, 287 (3d Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006)). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). As a result, "[f]ailure to employ the system of

administrative remedies procedurally defaults any federal claim." *Cobb*, 359 F. App'x at 287 (citing *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004)).  Whether an inmate properly exhausted his administrative remedies is determined through the prison grievance system of the inmate's state of incarceration. *See Williams v. Pa. Dep't of Corr.*, 146 F. App'x 554, 557 (3d Cir. 2005) (citing *Spruill*, 372 F.3d at 231-32).

Pursuant to 37 Pa. Code § 93.9, the Department of Corrections maintains a grievance system, Department Policy DC-ADM 804, that establishes a three-step process for review of inmate grievances. *See* 37 Pa. Code § 93.9. (*SMF*, at ¶¶ 8-13.)  First, the inmate must file an initial grievance. (*Id.*)  Second, if the inmate is dissatisfied with the initial determination, he or she must appeal to the Superintendent of the State Correctional Institution. (*Id.*)  Third, if the inmate is dissatisfied with the Superintendent's decision, he or she must submit a final appeal to SOIGA for Final Review. *See also Booth v. Churner*, 206 F.3d 289, 293 n.2 (3d Cir. 2000) (describing Pennsylvania Department of Corrections three-step administrative process).

To properly appeal under DC-ADM 804 to the third and final step for administrative exhaustion, the inmate must comply with the procedures for the first two steps and must submit the appeal within fifteen (15) working days of receipt of the Superintendent's decision at step two. (*SMF*, at ¶ 12.)  The inmate must also submit all paperwork relevant to the appeal to SOIGA. (*Id.* at ¶ 13.)

In support of their motion for summary judgment, Defendants presented evidence that money was taken from Plaintiff's account, that Plaintiff filed an initial grievance, and that Plaintiff appealed the denial of the initial grievance to the Superintendent of SCI-Smithfield. However, Defendants set forth evidence that Plaintiff failed to exhaust his administrative remedies because he did not appeal the decision of the Superintendent to SOIGA for Final Review. (*SMF*, ¶ 21; Doc. 78, Ex. A, *Tracy Williams Decl.*, ¶ 11.)  As such, Magistrate Judge Smyser concluded that Plaintiff failed to exhaust his administrative remedies.

Plaintiff objects to the Magistrate Judge's recommendation and again asserts that he exhausted his administrative remedies.  And, in support of his objections, Plaintiff

attaches an exhibit which he characterizes as "the administrative appeal to Camp Hill."

The Court will adopt the Magistrate Judge's recommendation that Plaintiff failed to exhaust his administrative remedies. Here, as set forth by the documents and affidavits attached to Defendants' motion for summary judgment, Plaintiff satisfied the first two steps of the internal inmate grievance system. Nevertheless, because Plaintiff did not appeal the denial of his grievance by the Superintendent to SOIGA for Final Review, (*SMF*, ¶ 21; Doc. 78, Ex. A, *Tracy Williams Decl*., ¶ 11), Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act prior to commencing this § 1983 action. While Plaintiff asserts that he exhausted his administrative remedies, the exhibit attached to Plaintiff's objection does not support his assertion that he sought Final Review of the Superintendent's denial of his grievance. Instead, the exhibit addresses issues related to Plaintiff's misconduct involving his assault of another inmate. Thus, Plaintiff has failed to provide evidentiary support for his claim that he has exhausted his administrative remedies. Defendants are therefore entitled to judgment as a matter of law.

## IV. Conclusion

For the above stated reasons, the Magistrate Judge's Report and Recommendation will be adopted in its entirety and Defendants' motion for summary judgment will be granted.

An appropriate order follows.


 June 14, 2012                                            /s/ A. Richard Caputo
Date                                                      A. Richard Caputo
                                                          United States District Judge